WILLIAM HUGHES BY HIS NEXT FRIEND ALICE HUGHES, PETITIONER-PROSECUTOR, v. DUGAN BROTHERS OF NEW JERSEY, INC., RESPONDENT-DEFENDANT.

Argued January 20, 1942—Decided April 10, 1942.

Before Justices PARKER, DONGES and COLIE.

For the petitioner-prosecutor, *Strong & Strong* (*Theodore Strong,* of counsel).

For the respondent-defendant, *Foley & Francis* (*John J. Francis,* of counsel).

PER CURIAM.

This matter comes before the court on the return of a rule to show cause why a writ of *certioari* should not issue.

Dugan Brothers, bakers, maintained delivery trucks, one of which was in charge of one Nawarsky as a driver and salesman for Dugan Brothers. Nawarsky, who was paid on a commission basis, employed William Hughes, a young man of between 16 and 17 years of age, to help him. The agreement between Nawarsky and Hughes was that the latter would receive $1.50 a day, to be paid by Nawarsky. Dugan Brothers paid no part thereof. It is in evidence that an inspector of Dugan Brothers, and Nawarsky's immediate superior, knew that Nawarsky, from time to time, employed a helper. The employment of Hughes by Nawarsky was not a daily occurrence, and the amount paid him by Nawarsky averaged about $5 a week. While so engaged as a helper for Nawarsky, Hughes sustained injuries, for which he filed a petition in the Workmen's Compensation Bureau. There the petition was dismissed on the ground that Hughes was not an employee of Dugan Brothers and on appeal to the Middlesex County Court of Common Pleas that determination was affirmed. The sole question is whether petitioner, William Hughes, was, at the time that he received his injuries, an employee of the respondent, Dugan Brothers, within the meaning of the Workmen's Compensation Act. The statute governing the situation is *R. S.* 34:15-36, the pertinent part of which reads as follows: " 'employee' is synonymous with servant, and includes all natural persons who perform service for another for financial consideration  *  *  *."

We conclude that in the absence of payment by Dugan Brothers of any financial consideration to Hughes, the relationship of employer and employee as between Dugan Brothers and Hughes did not exist. See *Rongo* v. *Waddington & Sons*, 87 *N. J. L.* 395.

The rule to show cause will therefore be discharged, without costs.